**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

|  |  |  |
|---|---|---|
| Rembrandt Vision Technologies, L.P., | ) | |
| Plaintiff, | ) ) ) | Case No. 3:11-cv-819-J-32JRK |
| v. | ) ) ) | **Jury Trial Demanded** |
| Johnson & Johnson Vision Care, Inc., | ) ) ) | |
| Defendant. | ) ) | |

**REMBRANDT VISION TECHNOLOGIES, L.P.'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE TESTIMONY REGARDING THE COURT'S FOOTNOTE IN THE FINDINGS OF FACT AND CONCLUSIONS OF LAW FROM THE JJVC V. CIBA VISION LITIGATION AND INCORPORATED MEMORANDUM OF LAW**

Rembrandt Vision Technologies, Inc. ("Rembrandt") hereby respectfully moves *in limine* pursuant to Federal Rules of Evidence 402 and 403 to preclude testimony and evidence regarding the Court's footnote in the Findings of Fact and Conclusions of Law from the *JJVC v. CIBA* litigation that the '327 patent was "not enabled to achieve high permeability and high surface wettability simultaneously." Ex.1, *JJVC v. CIBA*, Findings of Fact and Conclusions of Law ("*JJVC v. CIBA* Order") at 120 n.90. Although this footnote contained this Court's observation about whether the '327 Patent enabled the claims of the Ciba patents, it appears that JJVC is prepared to make the incorrect and confusing argument that the '327 Patent does not enable its own, different claims.[1] Testimony regarding this

---

[1] Rembrandt has filed a separate motion to exclude evidence regarding non-enablement as JJVC has admitted that at least one mode of making the asserted claims of the '327 patent is enabled, which itself establishes enablement for the claims.  See Rembrandt Vision Technologies, L.P.'s Motion in Limine No. 4 to Exclude Evidence of Allergan Product Development and Incentive Plan Payments as Irrelevant, Confusing, and Unfairly Prejudicial and Incorporated Memorandum of Law.  If the Court excludes all evidence of non-enablement, then this motion is moot.  This motion addresses the separate issue pertaining to certain evidence of non-enablement

footnote should be excluded because it is not relevant to the present matter and is at most a finding by this Court with regard to a different invention and in a matter at which Rembrandt was not represented and did not have the opportunity to present argument. The enablement analysis in the *JJVC v. CIBA* litigation case was completely different than the analysis that will be conducted here. Permitting testimony and evidence about the Court's finding in a fundamentally different inquiry would severely prejudice Rembrandt and would only mislead and confuse the jury.

In the *JJVC v. CIBA* litigation, JJVC asserted that the '327 patent invalidated CIBA's patents because the '327 patent in combination with other prior art rendered CIBA's patents obvious. Ex. 1, *JJVC v. CIBA* Order at 104, 118. In other words, JJVC argued that the disclosure in the '327 patent, along with other references, taught one of skill in the art how to make and use the inventions in CIBA's patents. In response, CIBA argued that the '327 patent was not enabled for this purpose. The Court agreed that '327 patent was not enabled as a prior art reference to CIBA's patents because "excessive experimentation would be necessary to practice the invention." Ex. 1, *JJVC v. CIBA* Order at 120 n.90. The relevant inquiry and the Court's observation relate to the "invention" of <u>CIBA's patents</u> that were in dispute in that case, not the invention of the '327 patent that is in dispute in this case.

In the present case, JJVC has asserted that the '327 patent is invalid because it fails to satisfy the enablement requirement under 35 U.S.C. § 112. Dkt. # 88, Ex. A at 7-11. To succeed on this claim, JJVC must prove by clear and convincing evidence that the '327 specification does not teach one of ordinary skill how to make and use the claimed invention

---

in the event the Court does not bar all non-enablement evidence on the grounds of JJVC's admission of enablement.

2

in the asserted claims of the '327 patent (as construed by the Court) without undue experimentation. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1305 (Fed. Cir. 2010). Enablement must be determined with reference to the claims at issue. *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1533 (Fed. Cir. 1987) (explaining that enablement requires sufficient information for one of skill to make and use the *claimed* invention).

The Court's non-enablement determination in the *JJVC v. CIBA* litigation is not relevant here as the "invention" the Court was considering in the *JJVC v. CIBA* litigation was the claimed inventions in CIBA's patents, and not the claimed inventions in the '327 patent. In other words, the Court, in the *JJVC v. CIBA* litigation, was analyzing whether JJVC proved that the '327 patent provided sufficient disclosure for one of ordinary skill in the art to make and use the claimed inventions in the *CIBA patents* without undue experimentation. However, the Court did not make a finding regarding whether JJVC proved that the specification in the '327 patent enabled the claimed inventions *in the '327 patent*, which is the question presented here.

Testimony and evidence regarding the Court's footnote related to the '327 patent in the *JJVC v. CIBA* litigation is therefore irrelevant because the inventions being considered in the *JJVC v. CIBA* litigation as compared to the present case are different. Thus, this testimony and evidence must be excluded under Rule 402.

Rembrandt will also be severely prejudiced if testimony and evidence regarding the Court's footnote is presented during trial because such testimony and evidence will be misleading and cause confusion for the jury. While the footnote in the *JJVC v. CIBA*

litigation has no bearing on or relevance to JJVC's allegation of lack of enablement under 35 U.S.C. § 112, it is highly probable that the jury will be confused as to the impact of the Court's footnote from the *JJVC v. CIBA* litigation in relation to its task of determining the underlying facts of enablement under 35 U.S.C. § 112. Indeed, there would be a strong likelihood that the jury will give deference to the Court's statement and not conduct the appropriate analysis to determine enablement under 35 U.S.C. § 112. Moreover, Rembrandt will be severely prejudice if such testimony is allowed because it was not represented nor participated in the *JJVC v. CIBA* litigation in order to defend the '327 patent. Thus, the Court's finding regarding the '327 patent in the *JJVC v. CIBA* litigation should be excluded under Rule 403.

**Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), Rembrandt's counsel has conferred with JJVC's counsel regarding this motion, and JJVC opposes this motion.

Respectfully submitted,

By: */s/ Ryan M. Schultz*
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Ronald J. Schutz (MN Bar No. 130849)
(*Pro hac vice*) (Trial Counsel)
Jake M. Holdreith (MN Bar No. 211011)
(*Pro hac vice*)
Cole M. Fauver (MN Bar No. 243139)
(*Pro hac vice*)
Diane L. Simerson (MN Bar No. 0270702)
(*Pro hac vice*)
Ryan M. Schultz (MN Bar No. 0392648)
(*Pro hac vice*)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: RJSchutz@rkmc.com
    JMHoldreith@rkmc.com
    CMFauver@rkmc.com
    DLSimerson@rkmc.com
    RMSchultz@rkmc.com

**BEDELL, DITTMAR, DEVAULT, PILLANS & COXE, P.A.**
John A. DeVault, III
Florida Bar No. 103979
Courtney K. Grimm
Florida Bar No. 953740
The Bedell Building
101 East Adams Street
Jacksonville, FL 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307
Email: JDevault@bedellfirm.com
    CGrimm@bedellfirm.com

**Attorneys for Plaintiff Rembrandt Vision Technologies, L.P.**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 7th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                            */s/ Ryan M. Schultz*
                                            Ryan M. Schultz
                                            Minnesota Bar No. 0392648
                                            E-mail: rmschultz@rkmc.com
                                            Robins, Kaplan, Miller, & Ciresi L.L.P.
                                            800 LaSalle Avenue, Suite 2800
                                            Minneapolis, Minnesota 55402
                                            Telephone: (612) 349-8500
                                            Facsimile: (612) 339-4181
                                            Attorney for Plaintiff

82859054.1