THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REMBRANDT VISION
TECHNOLOGIES, L.P.,

              Plaintiff,

vs.                                 Case No. 3:11-cv-819-J-32JRK

JOHNSON & JOHNSON
VISION CARE, INC.,

              Defendant.

## VERDICT

We, the jury, return the following verdict:

**Question 1:**

    (a)     Has Rembrandt shown by a preponderance of the evidence that Vistakon's Acuvue Advance contact lenses literally infringe Claim 1 of the Chang '327 Patent?

            YES (verdict for Rembrandt)     _____

            NO (verdict for Vistakon)       ___X___

    (b)     If you answered "NO" to Question 1(a), go straight to Question 2. If you answered "YES" to Question 1(a), do you

nevertheless find that Vistakon has proven by a preponderance of the evidence that Vistakon's Acuvue Advance contact lenses do not infringe because the reverse doctrine of *equivalents* applies?

  YES (verdict for Vistakon)   \_\_\_\_\_

  NO (verdict for Rembrandt)   \_\_\_\_\_

**Question 2:**

(a)  Has Rembrandt shown by a preponderance of the evidence that Vistakon's Acuvue Oasys contact lenses literally infringe Claim 1 of the Chang '327 Patent?

  YES (verdict for Rembrandt)   \_\_\_\_\_

  NO (verdict for Vistakon)    X

(b)  If you answered "NO" to Question 2(a), you should stop and have your foreperson sign and date this Verdict. If you answered "YES" to Question 2(a), do you nevertheless find that Vistakon has proven by a preponderance of the evidence that Vistakon's Acuvue Oasys contact lenses do not infringe

because the reverse doctrine of equivalents applies?

YES (verdict for Vistakon) _____

NO (verdict for Rembrandt) _____

SO SAY WE ALL, this __14__ day of May, 2012.

_Kathy L. Wieczorek_
FOREPERSON

3