# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

REMBRANDT VISION
TECHNOLOGIES L P,

    Plaintiff,

v.                                        Case No:   3:11-cv-819-J-32JRK

JOHNSON & JOHNSON VISION
CARE, INC.,

    Defendant.

## **O R D E R**

    Still pending before the Court is Plaintiff's Motion to Set Aside the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(2) and 60(b)(3). (Doc. 345). The Court previously informed the parties that it intended to deny that motion, but ordered Defendant Johnson & Johnson Vision Care, Inc. to show cause why it should not have to pay reasonable attorneys' fees and costs associated with Plaintiff Rembrandt Vision Technologies L.P.'s post-trial investigation of Dr. Bielawski. (Doc. 393).[1] The Court's previous Order, 2014 WL 3385039 (M.D. Fla. July 10, 2014) (Doc. 393), is incorporated herein.

---

[1] Rembrandt filed a protective notice of appeal of that Order, then moved to dismiss its appeal as premature. (Doc. 402 at 1). On October 6, 2014, the Federal Circuit granted the motion to dismiss, stating the matter remains pending in this Court. (Doc. 402).

JJVC responded to the Order, (Doc. 397), and Rembrandt filed a reply, (Doc. 400). Rembrandt also filed a motion asking the Court to reopen discovery to investigate whether JJVC and its counsel knew about Dr. Bielawski's false testimony, (Doc. 396), which JJVC opposed, (Doc. 399). JJVC has also informed the Court that Rembrandt has filed an open records request with the University of Texas to obtain some of the same information it seeks through the reopening of discovery, and JJVC asks protection from that records request. (Doc. 401).

In determining in its previous Order to deny Rembrandt's Rule 60 motion, the Court stated:

> Though the judgment should not be set aside, it remains that an expert witness for JJVC likely lied on the stand. Even if unwittingly, JJVC sponsored this false testimony and resisted initially when Rembrandt tried to expose Dr. Bielawski's untruthfulness. While denying Rule 60 relief, the Court will separately consider whether other actions vis-a-vis both Dr. Bielawski and JJVC should be undertaken.

(Doc. 393 at 11). The Court thus directed JJVC "to show cause why it should not have to pay reasonable attorneys' fees and costs associated with Rembrandt's post-trial investigation of Dr. Bielawski and the motion practice occasioned thereby." (Doc. 393 at 12).

Because JJVC was the prevailing party on the Rule 60 motion, the Court questioned whether it had the authority to award fees against JJVC. As such, rather than determining to award such fees <u>sua sponte</u>, the Court asked the parties to brief the issue. In response, JJVC "found no support in the law for awarding fees in such circumstances" (Doc. 397 at 3), but nevertheless acquiesced in an award of attorneys'

fees and costs owing to the unusual circumstances. Rembrandt simply says, "By consenting to pay whatever award the Court deems fair and just, JJVC has waived any argument that the Court lacks the authority or power to award such fees and costs." (Doc. 400 at 5). Because of JJVC's concession, the Court will not inquire further into its authority and will award appropriate fees and costs.

The Court must now determine the amount of those fees and costs. That Rembrandt says it has incurred almost $1 million ($939,159.55) in attorneys' fees and costs just in investigating and litigating this one post-trial issue is difficult to fathom. While the Court might normally feel compelled to ask for more justification for this amount, JJVC does not seriously challenge it. Rather, JJVC says the Court's award should focus on the investigation which led to the discovery of Dr. Bielawski's false testimony and not to the ultimately unsuccessful efforts to reopen discovery or for Rule 60 relief.

The Court, in its discretion, decides that it will award Rembrandt the $313,219.82 the parties agree was incurred in investigating and proving Dr. Bielawski's misconduct. The Court also will exercise its discretion to vacate the cost judgment of $188,572.89 entered in favor of JJVC as the prevailing party in the underlying litigation (which amount has not yet been paid by Rembrandt). See Marx v. Gen. Revenue Corp., 133 S.Ct. 1166, 1172 (2013); Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). The Court will set off the amount of the unpaid cost judgment from the fee award, leaving a balance of $124,646.93. The Court believes this result strikes the proper balance.

Having made this decision, the Court will deny Rembrandt's renewed motion to reopen discovery and deny JJVC's request to get involved in the Texas litigation. Until and unless further instructed by the Federal Circuit, this is the last Order this Court intends to enter in this case.

Accordingly, it is hereby

**ORDERED:**

1. Incorporating the Court's previous Order, 2014 WL 3385039 (M.D. Fla. July 10, 2014) (Doc. 393), Plaintiff's Motion to Set Aside the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(2) and 60(b)(3) (Doc. 345) is **DENIED**.

2. The Order to Show Cause (Doc. 393) is **DISCHARGED**.

3. No later than **December 1, 2014**, Defendant JJVC will remit to Plaintiff Rembrandt $124,646.93 and will file a certificate with this Court acknowledging it has done so. If there is an appeal of any part of this Order by either party, JJVC's obligation to pay this amount is stayed pending the outcome of the appeal.

3. The Court's Order on costs (Doc. 333) is amended insofar as the award of costs is **VACATED**. The bill of costs taxed by the Clerk of Court in favor of JJVC in the amount of $188,572.89 (Doc. 334) is therefore also **VACATED**.

4. Plaintiff's Second and Renewed Motion to Reopen and Compel Discovery (Doc. 396) is **DENIED**.

5. To the extent that JJVC's notice regarding the Texas litigation (Doc. 401) seeks affirmative relief, that request is **DENIED**.

6.   The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record